1   Balám O. Letona SBN 229642
    Law Office of Balám O. Letona
2   1347 Pacific Avenue, Suite 203
    Santa Cruz, CA 95060-3940
3   Telephone Number: (831) 421-0200
    Facsimile Number: (831) 621-9659
4   Email: letonalaw@gmail.com

5   Attorney for Plaintiff
    SILVIA M. ACEVEDO
6

7

8                    **IN THE UNITED STATES DISTRICT COURT**
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                           **OAKLAND DIVISION**

10  SILVIA M. ACEVEDO,                   Case No. C06-04696VRW

11
                            Plaintiff,
12  v.                                   **COMPLAINT**

13  STEVEN ALFRED BOOSKA,                **DEMAND FOR JURY TRIAL**

14                       Defendant(s).    15 United States Code § 1692 *et seq.*

15

16

17
    1.   Congress has found that "[t]here is abundant evidence of the use of abusive,
18
         deceptive and unfair debt collection practices by many debt collectors.  Abusive debt
19
         collection practices contribute to the number of personal bankruptcies, to marital
20
         instability, to the loss of jobs and to invasions of individual privacy.  Existing laws
21
         and procedures for redressing these injuries are inadequate to protect consumers.
22
         Means other than misrepresentation or abusive debt collection practices are
23
         available for the effective collection of debts.  Abusive debt collection practices are
24
         carried on to a substantial extent in interstate commerce and through means and
25
         instrumentalities of such commerce.  Even where abusive debt collection practices
26
         are purely intrastate in character, they nevertheless directly affect interstate
27
         commence.  It is the purpose of this sub-chapter to eliminate abusive debt collection
28

                                       - 1 -

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C. § 1692(a-e).  Defendant in the case at bar has engaged in the type of abusive, deceptive and unfair practices that Congress sought to eliminate. As such, this is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V.  PARTIES

6.      Plaintiff, SILVIA M. ACEVEDO, (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, STEVEN ALFRED BOOSKA, (hereinafter "Defendant Booska") is a natural person and licensed attorney in the state of California.  Defendant Booska may be served at his current business address at: Steven Alfred Booska, 250

- 2 -

1  Montgomery Street, Suite 720, San Francisco, California 94104-3424.  The principal

2  business of Defendant Booska is the collection of debts using the mails and phone

3  and Defendant Booska regularly attempts to collect debts alleged to be due another.

4  Defendant Booska  is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5  Defendant Booska is a third-party debt collector subject to the federal Fair Debt

6  Collection Practices Act, 15 U.S.C. § 1692 et seq.

7  ## VI.  FACTUAL ALLEGATIONS

8  8.  On or about March 2000, Plaintiff incurred a financial obligation (hereinafter "debt"),

9  namely a consumer credit obligation to Discover Financial Services (hereinafter

10  "Discover"), bearing the Discover account number 6011-0009-7024-9573.  The debt

11  was primarily for personal, family or household purposes and is therefore a "debt"

12  as that term is defined by 15 U.S.C. § 1692a(5).

13  9.  Sometime thereafter on a date unknown to the Plaintiff, the debt was

14  sold, assigned, placed or otherwise transferred to Unifund CCR as Assignee of

15  Discover (hereinafter "Unifund").  The debt bore the Unifund account number

16  U0500377.

17  10.  Sometime thereafter on a date unknown to the Plaintiff, the debt was consigned,

18  placed, or otherwise transferred to Defendant Booska for collection from the Plaintiff.

19

20  11.  On or about March 27, 2006, Plaintiff paid Unifund consideration to settle the debt.

21  12.  On or about August 3, 2005, Defendant Booska caused to be mailed a collection

22  letter to Plaintiff, a true and correct copy of which is attached as Exhibit 1.  Exhibit

23  1 demanded payment for the debt.

24  13.  On information and belief, Exhibit 1 is Defendant Booska's initial communication with

25  Plaintiff.

26  14.  Plaintiff received Exhibit 1 on or after August 4, 2005.  Exhibit 1 references Unifund

27  CCR Assignee of Discover as the client of Defendant Booska.

28  15.  Exhibit 1 is dated August 3, 2005.

- 3 -

16.   The first paragraph of Exhibit 1 states:

> Unless payment of the above amount is made directly to this office thirty (30) days or less after receiving this letter, it may be necessary to recommend that my client proceed with legal action.  If it becomes necessary to institute a civil lawsuit against you, you may be liable not only for the amount due but for interest, court filing fees, service of process, and attorney fees, if applicable.

***

17.   Exhibit 1 demanded payment before the expiration of the validation period.

18.   Exhibit 1 threatened legal action if payment was not received by Defendant Booska before the expiration of the validation period.

19.   Exhibit 1 contradicts or overshadows the validation notice in violation of 15 U.S.C. § 1692g(a).

20.   Exhibit 1 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## VII.  CLAIMS
### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

21.   Plaintiff brings the first claim for relief against Defendant Booska under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 etseq.

22.   Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs. Defendant Booska willfully or negligently violated the provisions of the FDCPA in the following respects:

23.   Defendant Booska mailed or caused to be mailed Exhibit 1 which contradicts or overshadows the validation notice, in violation of 15 U.S.C. §1692g, §1692e and §1692e(10).

//
//
//
//
//
//

- 4 -

COMPLAINT                                                    Case #C06-04696VRW

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court grant:

A.      Judgment against Defendant Booska for violation of the FDCPA.

B.      Statutory damages pursuant to 15 U.S.C. §1692k.

C.      Costs, expenses incurred in the investigation, filing and prosecution of this

action and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

D.      Compensatory and actual damages.


                                                LAW OFFICE OF BALÁM O. LETONA


Dated: August 2, 2006                    By: /s/
                                                 Balám O. Letona, Esq.
                                                 Attorney for Plaintiff
                                                 Silvia M. Acevedo

COMPLAINT                                                    Case #C06-04696VRW

# STEVEN A. BOOSKA
Law Offices

**San Francisco Office**
(Please reply to this address)

250 Montgomery St., Ste 720
San Francisco, CA  94104
Tel: (415) 397-4345
Fax: (415) 982-3440

email: stevenb@booskalaw.com

**Sacramento Office**

6700 Freeport Blvd., Ste 107
Sacramento, CA  95822
Tel: (916) 393-7335
Fax: (916) 962-3051

August 3, 2005

SILVIA M ACEVEDO
36337 CABRILLO DR
FREMONT CA 94536

RE: UNIFUND CCR ASSIGNEE OF DISCOVER
    File No.:        U0500377
    Principal:       $7,782.52
    Interest to Date: $591.59
    Balance:         $8,374.11

Unless payment of the above amount is made directly to this office
thirty (30) days or less after receiving this letter, it may be necessary to
recommend that my client proceed with legal action.
If it becomes necessary to institute a civil lawsuit against you, you may be
liable not only for the amount due but for interest, court filing fees,
service of process, and attorney fees, if applicable.

Unless you notify this office within 30 days after receiving this notice
that you dispute the validity of this debt or any portion thereof, this office
will assume this debt is valid.  If you notify this office in writing within
30 days from receiving this notice, this office will suspend further action
regarding the above matter until this office obtains verification of the debt
or obtains a copy of a judgment, if applicable, and mails you a copy of such
judgment or verification.  If you request this office in writing within 30
days after receiving this notice, this office will provide you with the name
and address of the original creditor, if different from the current creditor.
If you are unable to pay the entire balance now, please advise how you propose
to pay this claim.  Please feel free to respond by using the back of this
letter.

The state Fair Debt Collection Practices Act and the federal Fair Debt
Collection Practices Act require that, except under unusual circumstances,
collectors may not contact you before 8 a.m. and after 9 p.m.  They may not
harass you by using threats of violence or arrest or by using obscene
language.  Collectors may not use false or misleading statements or call you
at work if they know or have reason to know that you may not receive personal
calls at work.  For the most part, collectors may not tell another person,
other than your attorney or spouse, about your debt.  Collectors may contact
another person to confirm your location or enforce a judgment.  For more
information about debt collection activities, you may contact the Federal
Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Very truly yours,

STEVEN A. BOOSKA
Attorney at Law

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



**EXHIBIT** 1